# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAMEKA NICOLE PICKETT,<br>　　　　Appellant, | DOCKET NUMBER<br>DA-0752-24-0125-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: February 20, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Vernard Loftis, Bonham, Texas, for the appellant.

Mikayla Megan Martinez-Rhodes, Esquire, Arlington, Texas,
　　for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-13 Psychologist for the agency's Veterans Health Administration. Initial Appeal File (IAF), Tab 10 at 21. On October 4, 2023, the agency proposed the appellant's removal on charges of failure to follow instructions and failure to follow policy. IAF, Tab 12 at 66-73. Under the failure to follow instructions charge, the agency alleged that, on 33 separate occasions, between April 10, 2023, and May 19, 2023, various agency officials instructed the appellant to evaluate, see, or otherwise contact certain veterans, but the appellant failed to do so. *Id*. at 66-68. Under the failure to follow policy charge, the agency alleged that, in December 2022 and January 2023, the appellant accessed the electronic health records of several veterans without authorization. *Id*. at 68. After the appellant responded, the deciding official sustained both charges and removed her effective November 11, 2023. IAF, Tab 10 at 21, 27-31.

The appellant filed a Board appeal, raising affirmative defenses of harmful error, whistleblower reprisal, and a prohibited personnel practice under 5 U.S.C. § 2302(b)(2) (soliciting or considering certain types statements in connection with a personnel action). IAF, Tab 1, Tab 74 at 3. She waived her right to a hearing. IAF, Tab 81.

After the close of the record, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 91, Initial Decision (ID). She found that the agency proved each element of its case, including both charges, that the removal penalty was reasonable, and that the appellant did not prove any of her affirmative defenses. *Id*.

The appellant has filed a petition for review, accompanied by several documentary exhibits, disputing the veracity of certain agency witness declarations.[2] Petition for Review (PFR) File, Tabs 1-3, 5. The agency has filed a response. PFR File, Tab 9.

**ANALYSIS**

Timeliness

As an initial matter, there is a question as to whether the petition for review should be dismissed as untimely filed. The deadline for filing the petition for review was December 4, 2024, ID at 29, but the appellant filed her petition via e-Appeal, and it reflects a date stamp of December 5, 2024 at 1:02 a.m. Eastern Time, PFR File, Tab 1 at 1. The agency argues that the petition for review should be dismissed as untimely filed without good cause shown for the delay. PFR File, Tab 1 at 8-9; *see* 5 C.F.R. § 1201.114(g).

All pleadings filed via the Board's e-Appeal system are stamped with Eastern Time, but the timeliness of a pleading is assessed based on the time zone from which the pleading was submitted. 5 C.F.R. § 1201.14(*l*)(1). It appears from the record that the appellant filed her submission from the Central Time Zone, and thus, the submission was filed on January 5, 2025, at 12:02 a.m.— 2 minutes past the deadline. Nevertheless, in the interests of judicial efficiency

---

[2] After the deadline for filing the petition for review had passed, the appellant filed an identical copy of the original petition, except this time signed and notarized. Petition for Review File, Tab 7. We appreciate the appellant's efforts to place her petition in the correct form. However, there is no requirement that a petition for review be notarized, and we find that the original petition is sufficient to constitute a declaration under penalty of perjury.

and fairness, the Board will not waive its timeliness requirements in the absence of good cause, no matter how minimal the delay. *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 6 (2007). To establish good cause, the appellant must show that she exercised due diligence or ordinary prudence in the particular circumstances of the case. *Quarles v. Department of Housing and Urban Development*, 47 M.S.P.R. 636, 638 (1991).

In this case, the record shows that the appellant began the filing process before the midnight deadline. PFR File, Tab 4 at 4-6. However, she did not complete it in time, in part because she was attempting to address system prompts asking her to explain her untimely filing even though it was not yet, in fact, untimely. *Id.* Considering that the filing delay was minimal and largely attributable to the appellant's confusion over the system prompts, and in light of her pro se status at the time and the lack of any prejudice to the agency, we find good cause to waive the deadline. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62 63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table) (setting forth the factors that the Board will consider in a good cause analysis).

Charges and Penalty

In an appeal of an adverse action under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service. *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 C.F.R. § 1201.56(b)(1)(ii). To meet this burden, the agency must prove its charge, establish a nexus between the charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). However, even if the agency carries this burden, the action may not be sustained if the appellant shows harmful error in the application of the agency's procedures in arriving at its decision, or that the decision was based on a prohibited personnel practice described in 5 U.S.C. § 2302(b). 5 U.S.C. § 7701(c)(2)(A)-(B); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C).

To prove a charge of failure to follow instructions, an agency must prove that the appellant (1) was given proper instructions, and (2) failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 5 (2014). In this case, the parties stipulated that the appellant did not follow the instructions that the agency specified in its notice of proposed removal. IAF, Tab 82 at 5-7. However, the appellant argued that the instructions were not proper because neither of the officials who gave her the instructions was her clinical supervisor. IAF, Tab 86 at 4. Nevertheless, the administrative judge found no indication that the appellant was only required to follow the instructions of her direct clinical supervisor, and based on the declarations of these two officials, she found that their instructions were proper. ID at 5; IAF, Tab 85 at 14-18. She therefore sustained the charge and all 33 specifications. ID at 6. The appellant does not dispute this charge on review, and we agree with the administrative judge that the agency proved it. ID at 4-6.

To prove a charge of failure to follow policy, we find that the agency must show that an applicable agency policy existed and that the appellant failed to follow it. In this case, the administrative judge found that agency policy requires that employees access patients' protected health information "in only the minimum amount required to perform their specific job functions and to accomplish the intended purposes of the access." ID at 8; IAF, Tab 13 at 245. Agency policy further provides that "employees shall access records containing personally identifiable information "only when the information is needed to carry out their official duties." ID at 8-9; IAF, Tab 14 at 241, 223-48. The administrative judge found that the appellant failed to follow these policies when she accessed the health records of nine different individuals between December 2022 and January 2023, despite not having any clinical duties during that time or otherwise having any authorization to do so. ID at 7-8. She further found that the appellant gave no credible explanation of her reasons for accessing

these records. *Id.* The administrative judge therefore sustained both specifications of the charge. ID at 8.

On petition for review, the appellant disputes her first-level supervisor's declaration, in which she states that the appellant "refused to see patients" during December 2022 and January 2023. IAF, Tab 85 at 18. The appellant asserts that she did not see patients during this time period because she was suspended (or believed that she was suspended) from clinical practice—not because she refused. PFR File, Tab 1 at 11. However, whatever the case, the fact remains that the appellant had no job-related need to access patient records during that time, and that she violated agency policy by doing so.

The appellant alleges, for the first time on review, that her use of the agency's computerized patient record system was legitimate in the course of her temporary administrative duties because she was using it to double-check patient names on handwritten forms. PFR File, Tab 1 at 11-12. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant could have offered this explanation for her actions at any time below, but she did not. We decline to consider these late-raised allegations on review.[3] For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved this charge. ID 6-9.

Regarding penalty, the appellant disputes the deciding official's account of what transpired during the oral reply. The deciding official stated that the appellant requested that she "not be subject to clinical oversight moving forward" and that the appellant refused to return to patient care. IAF, Tab 85 at 6. On

---

[3] This is not to imply that the appellant's allegations, if true, would warrant reversing the charge; the appellant's temporary supervisor stated that the appellant's use of the patient record system went beyond cross-checking names and included opening and viewing patient files. IAF, Tab 85 at 20-21.

review, the appellant denies requesting exemption from clinical oversight; she states that she merely told the deciding official that "following the instructions of [her] supervisory chain in the mental health service was a threat to [her] professional license and livelihood." PFR File, Tab 1 at 7. If this is what the appellant told the deciding official, we think that he reasonably interpreted it as a request to be relieved of clinical oversight. As for her alleged refusal to return to patient care, the appellant states that, when the deciding official asked her to propose an alternative sanction, she suggested reassignment to an administrative position. PFR File, Tab 1 at 7. We agree with the appellant that her openness to an administrative assignment was not tantamount to refusing to return to patient care. However, her refusal to accept supervisory oversight was. In any event, for the reasons explained in the initial decision, we agree with the administrative judge that the deciding official considered all the relevant penalty factors and arrived at a penalty determination within the tolerable limits of reasonableness. ID at 26-29; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).

Affirmative Defenses

As far as affirmative defenses are concerned, the appellant does not contest the administrative judge's analysis of her defense under 5 U.S.C. § 2302(b)(2). We agree with the administrative judge that this subsection pertains to statements and recommendations by outsiders like senators or congressmen that could taint personnel actions with partisan political influence—not to messages between agency officials that concern an employee's job-related misconduct. ID at 24-25; *see Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 11 (2016).

Regarding the appellant's whistleblower defense, to prove an affirmative defense of whistleblower reprisal, an appellant must prove by preponderant evidence that she made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 49. If the appellant meets this burden, the agency will have the opportunity to prove by

clear and convincing evidence that it would have taken the same action absent the protected disclosure or activity. *Id.* In this case, the appellant claimed that her removal was in retaliation for various disclosures covered under 5 U.S.C. § 2302(b)(8) and activities covered under 5 U.S.C. § 2302(b)(9)(C) and (D). IAF, Tab 74 at 3. The administrative judge found that the appellant did not engage in activity protected under subparagraph (b)(9)(D), and although she engaged in activity protected under subparagraph (b)(9)(C), she did not prove that this activity was a contributing factor in her removal. ID at 19-22. The administrative judge found that the appellant made one disclosure protected under paragraph (b)(8), but that the agency proved by clear and convincing evidence that it would have removed her notwithstanding the disclosure. ID at 14-19, 22-24.

On review, the appellant directly contests only the administrative judge's analysis of her (b)(9)(C) claim. The administrative judge found that the appellant engaged in activity protected under that subparagraph when she filed a police report with the agency's police service. ID at 19-20; IAF, Tab 67 at 13-19. However, she found that the appellant did not prove that this activity was a contributing factor in her removal. ID at 20-22. She found that the proposing official could not have retaliated against the appellant for this activity because the proposal notice was issued before the appellant filed her police report. ID at 20-22. As for the deciding official's knowledge of the police report, the administrative judge recognized competing accounts of the matter: In a sworn declaration, the deciding official specifically denied knowing about the police report prior to issuing his decision, but in her own sworn declaration, the appellant specifically stated that she informed the deciding official of her police report during the oral reply. IAF, Tab 53 at 20, Tab 85 at 7. Finding the evidence in equipoise, the administrative judge determined that the appellant did not meet her burden of proving contributing factor under the knowledge/timing

test of 5 U.S.C. § 1221(e).[4]  ID at 21; *see Cook v. Department of the Army*, 105 M.S.P.R. 178, ¶ 19 (2007) (holding that, where evidence is in equipoise, the party with the burden of persuasion has failed to meet that burden).

On review, the appellant submits a declaration from her union representative to corroborate her account and tip the balance of the evidence in her favor.  PFR File, Tab 1 at 6, Tab 2.  The union representative explains that he did not submit the declaration previously because he was unaware that he could do so.  PFR File, Tab 2 at 4.  He states, "In other MSPB cases, the Agency's attorneys stated that my role should be clear and singular, a witness or a representative."  *Id*.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence.   *Avansino*, 3 M.S.P.R. at 213-14.  We find that the appellant's representative's misapprehension is not a sufficient basis to waive the Board's regulatory requirements for newly submitted evidence and argument.  An appellant is responsible for the actions or inactions of her chosen representative.  *Ivy v. U.S. Postal Service*, 36 M.S.P.R. 350, 351 (1988).  We therefore find no basis to disturb the administrative judge's contributing factor analysis.  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove her affirmative defense of whistleblower reprisal.  ID at 13-24.

The appellant also argues that, contrary to his written declaration, the deciding official was aware of an equal employment opportunity (EEO) complaint

---

[4] If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 15.  The administrative judge considered such evidence as appropriate and found that it did not support a finding of contributing factor.  ID at 21-22.

that she had filed prior to the removal decision. PFR File, Tab 1 at 4-5. To the extent that the appellant is attempting to raise an affirmative defense of retaliation for EEO activity, she may not do so at this stage of the appeal. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 649-50 (1996). To the extent that the appellant's argument goes to the deciding official's credibility, we find insufficient basis to conclude that the deciding official was not credible. The deciding official did not deny knowing about the appellant's EEO complaint; he merely stated that he did not recall her discussing it specifically during her oral reply. IAF, Tab 85 at 7. As for the deciding official's statement that he was unaware of any disclosure that the appellant made that could be interpreted as evidencing a violation of law, rule or regulation, this was a reference to a disclosure under 5 U.S.C. § 2302(b)(8), and not to any EEO complaint. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-17 (affirming longstanding Board precedent that 5 U.S.C. § 2302(b)(8) does not cover disclosures of violations of antidiscrimination laws).

The appellant also raised an affirmative defense of harmful error under various theories. To prove that an agency committed harmful error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). The administrative judge considered the appellant's claims but found that she variously failed to prove procedural error, or harm, or both. ID at 9-13.

On petition for review, the appellant disputes the deciding official's statement that she had an adequate opportunity to respond to the instructions provided her and to explain her access to veteran health records. IAF, PFR File, Tab 1 at 6; Tab 85 at 6. However, the appellant seems to be talking about her opportunity to participate in the pre-proposal investigation, whereas the deciding official seems to be talking about the appellant's opportunity to respond to the notice of proposed removal. In any event, to show harmful error, an appellant

must prove that any procedural errors by the agency prejudiced her substantive rights by possibly affecting the agency's decision; harmful error cannot be presumed. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991). We agree with the administrative judge that, because it is undisputed the appellant engaged in the conduct underlying the charges, she has not shown that her further involvement in the investigation would likely have led the agency to reach a different decision. ID at 11.

The appellant raises numerous other arguments in connection with her harmful error claims. For instance, the appellant argues that she informed the proposing official about "the inconsistencies between the CCR and the assignments that [she] was being instructed to perform." PFR File, Tab 1 at 7. She disputes the agency's account of what happened during her focused professional practice evaluation and ongoing professional practice evaluation. *Id*. at 7-8. She asserts that various agency officials committed improper acts such as bullying her, attempting to make her sign a falsified document, attempting to make her perform difficult work too quickly after returning to clinical duties, conducting an improper investigation, making inaccurate statements, and completing a performance appraisal incorrectly. *Id*. at 8-14. She states that these actions caused her to lose trust in agency management. *Id*. at 5-6, 8, 13.

However, we agree with the administrative judge that this alleged "compounding series" of procedural errors did not harm the appellant's substantive rights in connection with the removal action. Procedures unrelated to the processing of appellant's removal cannot be challenged under the harmful error analysis. *Livingston v. Department of the Air Force*, 26 M.S.P.R. 273, 275 (1985). Furthermore, the appellant's complaints about agency management, even if well-founded, did not give her license to repeatedly disregard the lawful orders of her superiors, and they certainly did not give her license to access sensitive patient information without authorization.

For the reasons stated in the initial decision, the removal is sustained.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.